[Civ. No. 2820.  Second Appellate District, Division One.—April 28, 1920.]

## CORA DUNTON et al., Appellants, v. IDA MAY TANI-GOSHI et al., Respondents.

[1] DEFAULT—NOTICE OF MOTION TO SET ASIDE—DAY OF HEARING—MISSTATEMENT.—Where a notice of motion to set aside a default definitely designates the day of the month and year on which the motion will be made, a misstatement of the particular day of the week on which it will be made should be disregarded.

[2] ID.—POSTPONEMENT OF HEARING—DUTY OF OPPOSITE PARTY.—A notice that such a motion will be heard at a given hour of the day is sufficient to bring the opposite party into court at that time, and if there is any postponement of the hearing under rule of court, he is bound to ascertain that fact.

APPEAL from an order of the Superior Court of Los Angeles County granting a motion to set aside a default. Grant Jackson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Stewart & Stewart for Appellants.

L. B. Stanton for Respondents.

JAMES, J.—After the plaintiffs herein had caused judgment by default to be entered against the defendants, defendants presented a motion to set aside the same and to be allowed to file an answer. The motion was granted. Plaintiffs appeal from the order.

[1] The main point presented is as to the sufficiency of the notice as given by the defendants of their motion to set aside the default and the judgment entered thereon. The notice specified that the motion would be made on "Wednesday, the 1st day of July, 1918, at ten o'clock in the forenoon of said day." As a matter of fact, Monday was the first day of July, and not Wednesday, and the motion was heard on Monday. Plaintiffs made no appearance at the hearing of the motion, and they contend now that the notice of motion was of no effect because it was indefinite as to the time when the motion would be presented. We think that

the notice was a good notice bringing on the motion for the first day of July, and that the word "Wednesday" should be disregarded. The mention of the particular day of the week was not necessary to the notice, and a misstatement of that day, where the notice definitely designated "the 1st day of July, 1918," was, to our minds, immaterial.

[2] The further point is presented that because the superior court by an arrangement of its law and motion calendar segregated causes and that under such manner of segregation the clerk placed the motion on the calendar for 11 A. M., instead of 10 A. M., as designated in the notice, made its action on the motion of no effect. There appears to be no merit in that contention. The segregation referred to was made by the clerk after the notice of motion was given, and the rule did not require attorneys to ascertain in advance the particular hour of the day at which motions noticed to be heard would be called. A notice that a motion would be heard at 10 A. M. would be sufficient notice to bring the opposite party into court at that time, and if there was any postponement of the hearing under rule of court, he would be bound to ascertain that fact. No question is made at all as to the sufficiency of the showing upon the application to set aside the default and judgment.

The order is affirmed.

Conrey, P. J., and Shaw, J., concurred.